UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 14-01-DLB

UNITED STATES OF AMERICA,                                              PLAINTIFF,

V.                               **MAGISTRATE JUDGE'S
                                 REPORT AND RECOMMENDATION**

FREDRICK STILTNER,                                                     DEFENDANT.

This matter came before the Court for a final revocation hearing on July 6, 2017, as a result of a Probation Violation Report dated December 22, 2016. The report outlines one alleged violation of the terms of Defendant's probation. At the final hearing, Mr. Stiltner was present and represented by appointed counsel, Andy Markelonis, and the United States was present by and through Assistant United States Attorney Dimitriy Slavin.

As established and particularly detailed on the record, the Court informed Defendant of his right to have this hearing in the presence of a United States District Judge. The Defendant personally consented to the hearing before a United States Magistrate Judge. The consent was knowing, voluntary, and intelligent and occurred with counsel's advice. The United States had no objection to so proceeding.

The parties, by counsel entered a joint stipulation to allow admission into evidence of certified records from the Courts of Pike County, Ohio, reflecting that on June 17, 2017, the Defendant, Fredrick Stiltner, was convicted of the offense of "Endangering Children" in violation of Section 2919.22(B)(3) of the Ohio Revised Code, a Felony in the Third Degree, as charged in Count Two of an Indictment returned in the Court o Common Please, Pike County, Ohio, on November 16, 2015. [R. 38]. Based upon the records, the Court takes judicial notice of

the conviction, and finds for the record that the Defendant has violated the conditions of his Probation in this matter, specifically, a violation of Condition of Probation No. 1, that he not commit another federal state or local crime.

The Defendant, in an informed manner, waived his right of allocution before a United States District Judge, and consented to exercise his right of allocution before the undersigned, after which a recommended disposition would be issued. There was no agreement between the United States and the Defendant on a sentence. The United States recommended a sentence of 12 months incarceration and the Defendant asked for a sentence within the recommended guideline range. The matter now stands submitted for a recommendation from the undersigned. For the reasons that follow, the undersigned will recommend that Mr. Stiltner be found guilty of Violations 1 based on the certified records admitted by the parties joint agreement, and the Court impose a sentence, revoking his probation, and re-sendtencing the Defendant to custody for a period of ten months, followed by one year of Supervised Release.

## RECOMMENDATION

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i) The nature and circumstances of the offense. The records of the courts of Ohio reflect that the Defendant was found guilty of unlawfully administering "corporal punishment or other physical disciplinary measure, or physically restrain[ing] a child under eighteen years of age, in a cruel manner for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and create[d] a substantial risk of serious physical harm to the child". [R. 38]. This violation is a Grade B violation of the conditions of his Stiltner's probation.

(ii) The history and characteristics of the defendant. The Defendant has no criminal history beyond the instant matter, and his recent conviction for crimes against a child. The record reflects in this matter that on July 2, 2014, the Defendant was sentenced to a term of three years Probation upon being found guilty of the Transfer of a Firearm to an Out-of-State Resident, in this case, a juvenile, in violation of Title 18 U.S.C. § 922(a)(5). The investigation revealed that the sale of the firearm was to an underage juvenile who resided in Kentucky, and was found to be in possession of the weapon while on the property of the Greenup High School. In addition, the violation which brings this matter before the Court involves conduct which created a substantial risk of serious physical harm to a child, for which he was sentenced to a term of five years under Community Control sanctions, which included a period of five years of basic probation supervision, with no further contact with his co-defendant, Robyn Jenkins or the child victim in the case. [R. 38].

(iii) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant. The Court notes that the parties do not agree on a recommended sentence. However, the events reflected in the records of conviction require action by the Court in order to require compliance with the conditions of probation. In addition, the Court is not aware of mitigating factors that weigh against incarceration at this juncture. Considering the Defendant's criminal history category of I, the instant violation, the history of conviction in the Courts of Ohio, and his personal history, the Court finds that the Defendant's Probation should be REVOKED, and he be re-sentenced to a term of incarceration. Though the Court is certainly concerned with the fact that Stiltner has committed a violation of the conditions of his probation, it is the nature of the violation that is deeply troubling. The harm that results from the crime of engaging in conduct that creates a substantial risk of serious physical harm

to a child cannot be overstated. In addition to the harm caused to one innocent, Stiltner's violation of probation is an example of his lack of respect for the authority of the Court, and his disregard for the rights and safety of others. Therefore, a period of incarceration is necessary in this action to deter future criminal conduct and protect the public from further crimes, and the undersigned believes that sentence at the high end of the recommended guideline range is appropriate.

(iv) The punishment options before the Court are two-fold: First, the Court may revoke his probation, and conduct a re-sentencing of Mr. Stiltner on the offense of his conviction in this case, the Transfer of a Firearm to an Out-Of-State Resident, which bears a maximum statutory penalty of a maximum of five years of incarceration. Under the circumstances of the current violation, the total offense level at the time of sentencing was 10, and Stiltner's criminal history cagetory was I. As a result, the guideline range for imprisonment was six to twelve months. In addition, at the time of sentencing, the recommended period of supervised release was 1 to 3 years. Second, the Court may simply continue him on probation, with or without extending the term or modifying or enlarging the conditions of his probation. However, the undersigned does not believe that modifying or extending his probation will have the necessary effect of detering criminal activity or protecting the public from further crimes.

## **CONCLUSION**

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant's be found to have committed Violation 1 as outlined in the report of December 22, 2015;

(2) That the Defendant's conditions of probation be REVOKED, and he be re-sentenced to a term of incarceration of ten months, after which he should begin a term of supervised release of one year.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed July 13, 2017.



Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge